Wardell Ray HAWKINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13813.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1966.

Malcolm Baucum, Oklahoma City, for plaintiff in error at trial, and in perfection of appeal.

Judd Black, Oklahoma City, for plaintiff in error, in presentation of oral argument and completion of appeal.

Charles Nesbitt, Atty. Gen., Rex Thompson, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Wardell Ray Hawkins, hereinafter referred to as defendant, was charged conjointly with Edward Lavon Melot by information in the District Court of Caddo County with having committed Burglary in the Second Degree, After Former Convictions of Felonies. They were tried before a jury, found guilty, and their punishment set at 4–12 years in the penitentiary for Melot, and 3 years in the penitentiary for Hawkins. It is from these judgments and sen-

tence that defendants have lodged their respective appeals in this Court.

The defendants argue several assignments of error, only one of which will be discussed herein. It is asserted that reversible error was committed by the trial judge by admitting testimony relative to other offenses over objection of defense counsel.

The evidence reflects that on the 14th of December, 1964, a Mr. Lehman who operates a store at Cogar, Oklahoma, and maintains a residence behind the store, retired to his home at approximately 11:00 p. m. After retiring, he heard a noise in front of his store that sounded like a car door being closed. The noise re-occurred a few minutes later, at which time he got up and looked through a window. He saw nothing at the time, but a few minutes later, he observed 2 people in front of the store. He could not identify them and could not tell whether they were carrying anything. He dressed, equipped himself with a gun, and proceeded to the front of the store. He observed a car about 1/8 of a mile west of his store. The lights were turned on; the car turned around; and as it came back by, Lehman followed it approximately 13 miles. Speeds up to 95 miles per hour were employed during the pursuit. Mr. Lehman overtook the car about 1 mile south of the South Canadian River where it had stopped because of a flat tire. Lehman testified he pulled up behind the car in which defendants were riding and asked them what they were doing. He then returned to Minco where he picked up a constable and returned to the place where the defendant's car had stopped, but the car was gone. They proceeded on to Union City where they spotted the car and followed it until it stopped with another flat tire. The defendants were then taken into custody. Mr. Lehman further testified that when he saw the car stopped the first time, and before getting the constable, he was not aware that his store had been burglarized. Upon returning to his store, he discovered several missing items including 35 cartons of

·cigarettes, lighters, pocket knives, bill-folds, etc.

Sheriff Peterson testified that after taking defendants to the Caddo County Jail, he went to the river bridge where defendants first stopped with the flat tire as seen by Mr. Lehman. In the vicinity thereof, he and a deputy found 25 cartons of cigarettes, each carton having the name Lehman and Son, Minco, Oklahoma, stamped on the end. The following morning, the Sheriff drove to El Reno where he picked up a handbag, tools, bars, and empty cartons of cigarettes. These items were found by highway workers in the same vicinity where defendants had stopped with the flat tire and where seen by witness Lehman.

The testimony about which defendant complains and rightfully so, is that of Charles Sutton, Manager of the Hinton Lumber Yard; and Roy DeSpain, night watchman at the Farmers Co-Op in Hinton.

Sutton testified a part of the tools found as above related were stolen from his lumber yard. He identified one of the tools as a wrecking bar bearing his cost mark, and another box opener he had for a long time. He stated these tools were in his place of business Saturday, December 14; and they were found missing the following Monday morning. And, that a door to the Lumber Yard had been pried open.

Mr. DeSpain testified he was night watchman at the Farmers Co-Op at Hinton, and on Saturday night at approximately 10:30, Hawkins and some other person were his last customers before closing the service station. He further testified he again saw them at approximately 1:00 a. m. when Hawkins and the other party returned to the Co-Op. DeSpain testified he heard a noise which sounded like a window glass being broken, and later saw Hawkins pass a window and he shouted at him and scared him away. His testimony left a clear inference that Hawkins had attempted to enter the building, but was scared away by his shout. His testimony clearly established that defendant's actions constituted an attempted burglary. The defense counsel objected strenuously to the testimony of Sutton and DeSpain on the ground that evidence of other offenses was inadmissible.

This Court has consistently said that evidence of other offenses is inadmissible. The general rule often stated by this Court, and set forth clearly in Roulston v. State, Okl.Cr., 307 P.2d 861, is as follows:

" * * * that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible."

This Court has held that there are certain exceptions to the general rule. Evidence of other offenses, in order to be admissible, must tend to establish (1) Motive, (2) Intent, (3) The absence of mistake or accident, (4) A common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and, (5) The identity of a person charged with commission of the crime on trial.

In the instant case as reflected by the transcript (pg. 151) the county attorney stated, "the evidence was offered to show a common scheme or plan and to connect the defendants with the tools".

This Court stated in the case of Bunn v. State, 85 Okl.Cr. 14–21; 184 P.2d 621–624:

"There have been many instances of abuse of this exception to the general rule above noted. The abuse of this rule has caused the reversal of more cases on appeal to this court in recent years than that of any other one matter."

The Court has repeatedly held that this exception and other exceptions to the general rule are to be used with the utmost caution and that the court must perceive a visual connection and in case any doubt is entertained it is to be resolved in favor of defendant. The exception to the general rule is not secondary to the rule and before evidence of other crimes can be competent

or admissible in a criminal trial to prove the specific crime charged on the grounds of common scheme or plan, the two or more crimes must be so clearly related that the proof of one tends to establish the other and should never be admitted when it tends to show that the accused has committed other crimes wholly independent of that for which he is on trial. In other words, the law permits proof of the plan or scheme to commit a series of crimes including the one for which the accused is being tried if it has a tendency to show the existence of a common scheme or plan or the court may allow testimony of the commission of crimes other than the one charged if so related in character, time and place of commission if it tends to support the conclusion that there was a plan or system which embraced both that and the crime for which he is charged. Such as where the crime is committed to prepare the way for another and the commission of the second crime is made to depend upon the perpetration of the first. In that event the second becomes connected and a related transaction and the proof of the commission of the first becomes relevant to show the motive for the perpetration of the second. Doser v. State, 88 Okl. Cr. 299, 203 P.2d 451. Such instances arise in cases of embezzlement, in forgery, and in obtaining money under false pretenses. Boyer v. State, 68 Okl.Cr. 220, 97 P.2d 779, Chappel v. State, 74 Okl.Cr. 213, 124 P.2d 742. In Miller v. State, 13 Okl.Cr. 176, 163 P. 131, 133, L.R.A. 1917D, 383, Judge Doyle quotes from Mr. Underhill on Criminal Evidence, Section 88, as follows:

"No separate and isolated crime can be given in evidence. * * * Some connection between the crimes must be shown to have existed in fact and in the mind of the actor, uniting them for the accomplishment of a common purpose, before such evidence can be received. This connection must clearly appear from the evidence. Whether any connection exists is a judicial question. If the court does not clearly perceive it, the accused should be given the benefit of the doubt and the evidence rejected."

In the instant case, the admission of the evidence of the other offenses constituted error. The probative value of the evidence was not sufficient to overcome the danger of the prejudicial effect that it may have had upon the jury.

The tools found near where defendants had been was a circumstance connecting defendant with the same. Evidence that the tools were taken in another burglary in a town close by within a day or so of the burglary in question, tended to prove nothing, and was not necessary for a conviction; and was highly prejudicial.

Evidence of an attempted burglary by defendants at the Hinton Co-Op 2 days before, was improper in part. The only part of said testimony that would have been admissible is that part, and that alone, which showed defendant was seen on Saturday night in Hinton.

But to permit evidence in detail of the attempt to burglarize the Co–Op was improper. See, Miller v. State, 13 Okl.Cr. 176, 163 P. 131–133.

The record does not reveal any similarity in the offense, and therefore, it could not truthfully be said that the evidence of other offenses revealed a common scheme or plan. Each offense was a separate and distinct offense for which defendant could be charged and tried. The admission of such other offenses does not come under the exceptions to the general rule and therefore is adjudged to be error. Cases are replete and many are set forth in the Roulston case, supra, supporting this view.

For the above and foregoing reasons the judgment and sentence is hereby reversed and remanded, with directions to give defendant a new trial in accord with this decision.

BUSSEY, P. J., and BRETT, J., concur.