Simon N. ASHTON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15737.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1970.

Rehearing Denied Jan. 13, 1971.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for plaintiff in error.

No brief from Attorney General.

BUSSEY, Judge.

Simon N. Ashton, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the offense of Murder. The jury returned a verdict of guilty of the crime of Manslaughter in the First Degree and fixed punishment at twenty years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Oliver Brooks, a cab driver, drove the defendant to his estranged wife's residence the afternoon of August 14, 1969. The defendant entered the house and shortly thereafter Brooks heard shots.

Robert Thompson, the deceased's brother, testified about prior marital difficulties between the defendant and the deceased concerning their automobile. He drove the defendant to the state capitol at approximately 1:30 p. m. on the day in question, where the defendant was employed as a guard. The defendant picked up a pistol and asked that he be taken to the police station. Upon leaving the station, they picked up a bottle at a liquor store and returned to the defendant's apartment. They had several drinks and the defendant became very upset about his car. The defendant made the statement about blowing his wife's brains out (T 314). He called a cab and left the apartment. Thompson, shortly thereafter, went to his sister's house and observed her lying on the floor, mortally wounded, with the defendant standing over her with two weapons in his hand.

Officer Rusche testified that the defendant came to the police station at about 2:00 p. m. on August 14th, complaining about his wife having his car. He advised the defendant that the police could not help, whereupon the defendant stated: "Well, I guess I will have to kill her to get it back." (T 212).

The defendant's daughter was present in another bedroom when the shooting occurred. She heard the shots and observed her mother lying on the floor with the defendant standing over her with a gun in his hand. She testified that the deceased had shot at the defendant on two prior occasions.

The investigating officers testified about their observations at the scene and photographs of the same were introduced. Two of the photographs were of the deceased and were introduced over the objection of the defendant. Two guns were recovered at the scene, a .38 caliber pistol belonging to the defendant, and a .22 caliber pistol belonging to the deceased.

The defendant testified that his wife had shot at him in June and July of 1959. He went to her residence on August 14th to recover his car. He assumed she was gone and entered the residence. The deceased was standing in the bedroom and upon observing him, fired a shot at him. He returned the fire and she was killed. He testified that he did not intend to kill his wife, but only wanted to scare her and did

not see her while he was firing the weapon (T 531). Two character witnesses testified as to the defendant's reputation for truth and veracity as being good.

■ The defendant's first proposition of error alleges that the trial court erred in admitting into evidence a photograph of the deceased which prejudiced the jury against the defendant. This Court has repeatedly held that such photographs are admissible in evidence when they have some probative value. In Pate v. State, Okl.Cr., 361 P.2d 1086, we stated in the 8th and 9th paragraphs of the Syllabus:

"8. When a photograph is shown to be a faithful reproduction of whatever it purports to reproduce, it is admissible in evidence, as an appropriate aid to the jury in applying the evidence and this is equally true wheth it relates to persons, things, or places.

9. Although it is error to receive in evidence gruesome photographs of a homicide victim, designed primarily to arouse the passion of the jury, such photographs are admissible; when they are relevant to the issues before the court and their probative value is not outweighed by the danger of prejudice to the defendant."

■ The photograph in question shows the deceased lying on a bed at the scene. The picture was not taken after extensive autopsy surgery and was not gruesome. We are of the opinion that the trial court properly admitted the exhibit after making a finding that it had probative value (T 378). We, therefore, find this proposition to be without merit.

■ The defendant's last proposition does not allege error, but rather requests this court to modify the judgment and sentence because of the passion and prejudice created by the introduction of the photograph. We have carefully reviewed the entire record and are of the opinion that the

jury would have been justified in returning a verdict of guilty of the offense of Murder. The evidence indicates a premeditated, cold-blooded act on the part of the defendant. We are of the opinion that the punishment imposed is extremely lenient and certainly does not shock the conscience of the Court.

In conclusion, we observe that the record is free of any error which would justify modification or reversal; the punishment imposed is well within the range provided by law, and for these reasons, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.