Edward ENGLISH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15174.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1971.

Bill Pipkin, Moore, for plaintiff in error.

G. T. Blankenship, Atty.Gen., Max A. Martin, Asst. Atty.Gen., for defendant in error.

NIX, Judge:

Edward English, who shall hereinafter be referred to as the defendant, was charged in Pottowatomie County with the crime of Burglary in the Second Degree.

He was tried before a jury, found guilty, and sentenced to serve not less than two, nor more than six years in the penitentiary, and from that judgment and sentence the defendant appeals. Though several assignments of error are presented in defendant's brief, we will only concern ourselves with the one contention of error and that is that the trial court erred in admitting evidence of other offenses. This is a question that has long plagued this Court and has been the subject of many decisions.

A review of the record in the instant case reveals the following facts out of which the case arose. The defendant was charged with Burglary Second Degree. The information alleged that while acting in concert with one Don Curtis and David Sutterfield, did break and enter a building on Highway 177, at Pearson, Oklahoma; owned by and in possession of Bruce Jones, doing business as a bar in which building personal property of value was kept and contained, by breaking the west window of said building and entering without the consent of said owner, with the wilful and felonious intent to steal said property.

During the course of the trial the state presented one Maxine Snodgrass who testified that her cafe in Pearson was broken into the same night. Mr. Z. O. Edgen testified that during the same night, his construction shack, located between Pearson, Oklahoma, and Tecumseh, Oklahoma, was burglarized and that a skill saw was taken.

The evidence of these other offenses was admitted over the defendant's objection. This Court has been most consistent in passing on the question as to the admissibility of other offenses and we have found it necessary to reiterate our opinion time and time again. The general rule has been clearly announced in Roulston v. State, Okl.Cr., 307 P.2d 861, as follows:

"That when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the

admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissable."

In the instant case, the state contends that said evidence was offered to show a common scheme or plan, which is one of the exceptions to the general rule. This Court said in Roulston v. State, Okl.Cr., 307 P.2d 861, while speaking of a common scheme or plan

"Such as where the crime is committed to prepare the way for another and the commission of the second crime is made to depend upon the perpetration of the first. In that event the second becomes connected and a related transaction and the proof of the commission of the first becomes relevant to show the motive for the perpetration of the second."

In other words, the law permits proof of the plan or scheme to connect a series of crimes including the one for which the accused is being tried if it has a tendency to show the existence of a common scheme or plan. In the case at bar, one accomplice substantiated the testimony of the other offense. They constituted separate crimes, any one of which defendant could have been charged with. There was no similarity in the crimes, other than being in the same vicinity. One did not tend to prove the other, nor show a common scheme or plan. The probative value of said evidence was not sufficient to overcome the danger of the prejudicial effect that it may have had. Defendant did not testify in his behalf. There was no evidence to refute defendant's guilt. In the case of Harris v. State, 88 Okl.Cr. 422, 204 P.2d 305, the Court laid down a rule of law that should be carefully considered:

Any doubt as to admissibility of evidence of other offenses to show a common scheme, plan or unlawful intent should be resolved in favor of accused and such evidence excluded.

A very similar case to the one at bar can be found in Hawkins v. State, Okl.Cr., 419 P.2d 281, where this Court held adversely to the state.

For the reasons heretofore recited, the cause is reversed and remanded for a new trial in accord with this decision.

Reversed and remanded.

BRETT, J., concurs.

BUSSEY, P. J., not participating.