**Jack Edward NORTH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–187.**

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1974.

Jones, Williams, Bane & Klingenberg, Enid, Attorneys for Appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Stan Chatman, Legal Intern, Attorneys for Appellee.

## OPINION

PER CURIAM:

Appellant, Jack Edward North, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Oklahoma County, Case No. CRF–72–2667, for the offense of Burglary in the Second Degree; his punishment was fixed at six (6) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Orville Saunders testified that in the latter part of October, 1972, he lived at 4628 N.W. 35th Street; that he was away on a trip for several days and when he returned he found that someone had broken into his house. He observed pry marks on the back door and that a pane of glass in the window had been removed; that several weapons, items of jewelry, and money were missing from the house.

Richard Leon Semft testified that he was a co-defendant in the case and that at about 11:00 p. m. on October 31, 1972, he and the defendant broke into a house at 4628 N.W. 35th Street. Defendant went into the house while he stayed outside as a lookout. Defendant came out of the house carrying a pillow sack of merchandise and three rifles. He identified State's Exhibit 1 as a pry bar defendant used on October 31st. He testified that on November 4, 1972, about 1:00 a. m., he and defendant were in the 4600 N.W. 26th block in Oklahoma City; that he and the defendant walked up to a house and upon seeing a boy and girl in a car, walked back down to the street. Shortly thereafter they were stopped and arrested by police officers. They were searched and the officers found gloves, flashlights, and the pry bar. On cross-examination, he testified that the police officer slapped him prior to giving them a statement concerning the burglaries. He denied that they had car trouble on the evening of November 4, 1972. On redirect-examination he testified that on November 4th he and defendant were in the area to commit other burglaries. He testified that they burglarized approximately twenty-two (22) homes.

Officer Graham testified that in the early morning hours of November 4, 1972, he observed defendant and Richard Semft walking along the side of some houses in the 4600 block of N.W. 26th. He stopped them and "patted them down" because "we was in fear of our lives because you don't know when somebody has a gun nowdays." (Tr. 50). He found State's Exhibit 1, the pry bar, a pair of gloves and a flashlight on the person of defendant. Defendant stated that they were in the area to meet two girls and that they had car trouble. In cross-examination, he admitted that he slapped Richard Semft prior to the time that Semft made a statement.

Detective Troy Withey testified that he compared State's Exhibit 1 with the pry marks found on the Saunders' residence and that the bar fit exactly in the pry marks.

For the defense, H. E. Maxey testified that he was a chemist and physicist, and belonged to the American Society for Testing Materials. He testified that the only accurate comparison that could be made to determine whether State's Exhibit 1 made the pry marks would be to examine the wood and the pry bar microscopically.

Edith Smith, defendant's sister, testified that defendant and his wife were living with her during the month of October, 1972. To her knowledge, defendant did not leave the house on the evening of October 31st.

Defendant testified that he did not burglarize the Saunders' residence and had not, to the best of his knowledge, even seen

the house; that on November 4th, he and Semft shot a couple of games of pool and as they were returning home, had car trouble. They got out of the car to look for a service station and were stopped by the police. He testified that he had the gloves, flashlight and pry tools because he used them in his work repairing cars.

Defendant asserts three propositions, only one of which we deem necessary to discuss in this opinion. The first proposition generally asserts that the trial court erred in admitting evidence of crimes other than the one for which defendant was being tried. This proposition is well taken.

Richard Semft testified, over defendant's objection, that he and defendant had been burglarizing houses for approximately a month and had committed 22 burglaries. In dealing with a similar proposition in English v. State, Okl.Cr., 480 P.2d 279, this Court stated:

"In the instant case, the state contends that said evidence was offered to show a common scheme or plan, which is one of the exceptions to the general rule. This Court said in Roulston v. State, Okl. Cr., 307 P.2d 861, while speaking of a common scheme or plan

'Such as where the crime is committed to prepare the way for another and the commission of the second crime is made to depend upon the perpetration of the first. In that event the second becomes connected and a related transaction and the proof of the commission of the first becomes relevant to show the motive for the perpetration of the second.'

"In other words, the law permits proof of the plan or scheme to connect a series of crimes including the one for which the accused is being tried if it has a tendency to show the existence of a common scheme or plan. In the case at bar, one accomplice substantiated the testimony of the other offense. They constituted separate crimes, any one of which defendant could have been charged with. There was no similarity in the crimes, other than being in the same vicinity. One did not tend to prove the other, nor show a common scheme or plan. The probative value of said evidence was not sufficient to overcome the danger of the prejudicial effect that it may have had. Defendant did not testify in his behalf. There was no evidence to refute defendant's guilt. In the case of Harris v. State, 88 Okl.Cr. 422, 204 P.2d 305, the Court laid down a rule of law that should be carefully considered:

'Any doubt as to admissibility of evidence of other offenses to show a common scheme, plan or unlawful intent should be resolved in favor of accused and such evidence excluded.'

"A very similar case to the one at bar can be found in Hawkins v. State, Okl. Cr., 419 P.2d 281, where this Court held adversely to the state."

The judgment and sentence is accordingly reversed and remanded.