Donald ATNIP, and Margie Green Atnip, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F-76-236.

Court of Criminal Appeals of Oklahoma.

May 19, 1977.

James B. Bratton, McAlester, for appellants.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James W. McCann, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellants, Donald Atnip and Margie Green Atnip, hereinafter referred to as defendants, were charged in the District Court, Pittsburg County, Case No. CRF–74–247, with the offense of Burglary, Second Degree, in violation of 21 O.S.1971, § 1435. They were tried by a jury, convicted and punishment was fixed for defendant Donald Atnip at a term of seven (7) years, and for defendant Margie Green Atnip at a term of two (2) years in the Oklahoma State Penitentiary. From these judgments and sentences a timely appeal has been perfected to this Court.

Briefly stated, the facts of this case are as follows. On the 11th day of December, 1974, the home of Jerome Amaranto was burglarized. On the same day Everett Stewart, Sheriff of Johnson County, and Doug Green, Sheriff of Atoka County, engaged in a search of the defendants' home pursuant to a search warrant after an investigation into various burglaries in Pittsburg County as well as other counties. While the search was in progress, the defendants returned home. Their car was searched, and various items belonging to Jerome Amaranto were found in said vehicle. The defendants were arrested. Furthermore, evidence was admitted concerning the investigation of other burglaries in Pittsburg County as well as other counties prior to the issuance of the above stated search warrant.

Clayton Wayne Atnip, step-nephew of the defendants, admitted taking part in the Amaranto burglary on December 11, 1974, and added that Margie Green Atnip drove the car to the scene of the burglary and waited while he and Donald Atnip burglarized the house. This witness also testified to taking part in approximately 15 other burglaries with the two defendants.

Donald Atnip took the stand in his own defense and admitted to taking part in the Amaranto burglary, but denied that his wife, Margie Green Atnip, participated. He stated that his wife was at a ballgame "down the road" at the time of the burglary. Margie Green Atnip then took the stand and substantially corroborated the testimony of her husband, denying that she had participated in the Amaranto burglary or any other burglary.

The defendants assign as error the trial court's failure to grant their motion to dismiss on the ground that said defendants had been denied a speedy trial as required by Art. 2, § 20, of the Oklahoma Constitution. The information in this case was filed on December 16, 1974, and amended several times thereafter. Preliminary hearing was held on January 21, 1975, and arraignment was held on January 30, 1975; however, the trial was not commenced until September 16, 1975. The motion to dismiss was filed on September 8, 1975, and heard on September 15, 1975, wherein the State failed to advance any reason for the delay.

This Court has set forth four factors to be weighed in determining whether there has been an infringement of a defendant's right to a speedy trial, to wit: (1) whether or not the defendant affirmatively asserted the right, (2) length of delay, (3) reason for the delay and (4) prejudice to the defendant. *Rodgers v. State*, Okl.Cr., 551 P.2d 295 (1976). As noted above, the delay from the time the information was filed to the date of trial was approximately nine months and the State sets forth no reason for the delay. However, it is apparent that the defendants failed to assert their right to speedy trial until filing their motion to dismiss on September 8, 1976. Further, the defendants failed to show how they were prejudiced in view of the fact that it appears that Donald Atnip was incarcerated for another crime during much of the period of delay, and Margie Green Atnip was out on bail after April 11, 1975. Also, there was no assertion by the defendants that their defense was impaired by said delay.

Furthermore, in *Bauhaus v. State*, Okl. Cr., 532 P.2d 434 (1975), this Court cited the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972), for the proposition that " '[F]ailure to assert the right [to

a speedy trial] will make it difficult for defendant to prove that he was denied a speedy trial.'" Also, *Brummit v. Higgins*, 80 Okl.Cr. 183, 157 P.2d 922 (1945), concerning the proposition that "if the defendant is not on bail, the law makes the demand [for new trial] for him," is not applicable here since one defendant was incarcerated for another offense, while the other defendant was out on bail after April 11, 1975. See, *Bauhaus v. State*, supra.

After carefully weighing the factors involved in this case, we find that the defendants' right to a speedy trial was not unduly infringed upon. Therefore, we find this assignment of error to be without merit.

The defendants also assign as error the trial court's admission of evidence of other offenses. The defendants in this case were charged and tried for the single offense of burglary, second degree. However, the trial admitted evidence which indicated that the defendants had been involved in approximately 15 other burglaries over a period of two weeks or longer.

■ The general rule in this State is that when a defendant is put on trial for one offense, he is to be convicted, if at all, by evidence which proves that he is guilty of that offense alone and evidence of other crimes, either prior or subsequent to the offense for which he is placed on trial, is inadmissible. *Hawkins v. State*, Okl.Cr., 419 P.2d 281 (1966). However, this Court does recognize exceptions to this general rule, to wit, when such evidence is used to show (1) motive; (2) intent; (3) absence of mistake or accident; (4) identity of the person charged with the commission of the crime; and, (5) common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Wilds v. State*, Okl.Cr., 545 P.2d 779 (1976).

■ The State would try to bring the evidence in question in this case under the fifth exception stated above, that is, common scheme or plan. However, this Court cannot agree. A common scheme or plan contemplates some relationship or connec-

tion between the crimes in question. *North v. State*, Okl.Cr., 518 P.2d 896 (1974). The word, "common" implies that although there may be various crimes, all said crimes must come under one plan or scheme whereby the facts of one crime tend to establish the other such as where the commission of one crime depends upon or facilitates the commission of the other crime, or where each crime is merely a part of a greater overall plan. In such event, the crimes become connected or related transactions, and proof of one becomes relevant in proving the other. However, evidence of other offenses should never be admitted under this exception when it shows that the accused committed crimes wholly independent of that charged. *English v. State*, Okl.Cr., 480 P.2d 279 (1971).

■ In the instant case there is nothing to indicate that any of these crimes were connected in any manner other than that some of the burglaries were committed on the same day. Furthermore, the mere fact that the evidence shows that the crimes were all burglaries allegedly committed by the same three persons is not sufficient to fall within this exception. Mere similarity of the alleged offenses does not, of itself, indicate common scheme or plan. Therefore, since it is apparent that the crimes were separate and unrelated, the trial court erred by admitting the evidence of prior offenses. However, in view of the fact that defendant Donald Atnip admitted at trial his participation in the burglary, the error was harmless in so far as it concerns this defendant.

For the above and foregoing reasons the judgment and sentence of Donald Atnip is *AFFIRMED*, and the judgment and sentence of Margie Green Atnip is *REVERSED* and *REMANDED* for a new trial.

BUSSEY, P. J., and BRETT, J., concur.