Alton Cooper OLIVER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–254.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1977.

Rehearing Denied Sept. 28, 1977.

**1328**

Ed McConnel, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

OPINION

PER CURIAM:

Appellant, Alton Cooper Oliver, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–76–2110, with the offense of Sale of Amphetamine, in violation of 63 O.S.Supp.1975, § 2–401, After Former Conviction of a Felony, in violation of 21 O.S. 1971, § 51. The case was tried to a jury and a verdict of guilty was returned. Punishment was assessed at fifteen (15) years' imprisonment. From judgment and sentence defendant has perfected an appeal to this Court.

The evidence at trial showed that at about 8:30 p.m. on May 25, 1976, William Shadrick, a police informant working for police in return for a recommendation of leniency on a pending charge, met with several police officers at a restaurant. Subsequently, they went to a judge's house where a warrant was obtained. At about 9:30 p.m. Shadrick left the judge's house in his own automobile, followed by the officers in another car. Shadrick drove to defendant's house and entered alone, after being received at the door by the defendant. Shadrick indicated to the defendant that he wished to buy drugs and a pistol. They went upstairs, and the price, $100.00, was paid with marked money supplied to Shadrick by the police. Immediately after the transaction occurred a knock was heard at the front door. Defendant answered the door and observed his wife, who stated that the police were outside. At that moment several officers came in. A search warrant was served, and defendant was arrested. Shadrick turned the pistol and a white powdery substance over to Detective Scott, who gave them to Detective Koontz. Koontz transported the white substance to the Oklahoma State Bureau of Investigation Chemistry Laboratory, where it was analyzed by Rodney Sherrer. Sherrer testified that it contained amphetamine.

Detectives Koontz and Scott testified that they had originally planned to wait outside defendant's home until Shadrick had completed his purchase and left, and that after they had obtained the drugs from

Shadrick they were going to serve the search warrant. However, defendant's wife arrived and observed them waiting outside, so the officers decided to go in before any evidence could be destroyed.

Defendant presented no evidence. In proof of the after former charge, the State showed that in 1970 the defendant was convicted of forgery.

Defendant's first assignment of error alleges there was improper introduction of evidence of other crimes. In this respect the transcript reflects that in response to questions by the prosecutor, Shadrick stated that he and defendant had discussed drugs on prior occasions, and that Shadrick had purchased drugs from defendant "many times," though not while working for any police agency. The discussion reflecting this occupied three pages of the transcript. The State urges, while recognizing the general rule of inadmissibility of evidence of other crimes, that this evidence tends to show a "common scheme or plan," and was therefore admissible.

■ We are of the opinion that this evidence should not have been admitted over defendant's objections. Mere similarity of crimes is not enough. In *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977), in dealing with this same issue, we stated:

"The State would try to bring the evidence in question in this case under the fifth exception stated above, that is, common scheme or plan. However, this Court cannot agree. A common scheme or plan contemplates some relationship or connection between the crimes in question. *North v. State*, Okl.Cr., 518 P.2d 896 (1974). The word, 'common' implies that although there may be various crimes, all said crimes must come under one plan or scheme whereby the facts of one crime tend to establish the other such as where the commission of one crime depends upon or facilitates the commission of the other crime, or where each crime is merely a part of a greater overall plan. In such event, the crimes become connected or related transactions, and proof of one becomes relevant in proving the other. However, evidence of

other offenses should never be admitted under this exception when it shows that the accused committed crimes wholly independent of that charged. *English v. State*, Okl.Cr., 480 P.2d 279 (1971)."

■ Herein, the fact that on some other occasion or occasions defendant sold drugs to Shadrick, without showing more, does not tend to establish the crime charged. This is not the case, as in *Lewis v. State*, Okl.Cr., 528 P.2d 741 (1974), where arrangements for the second purchase, which was the crime charged, were made during the first purchase.

■ In reviewing the record, we conclude that in view of the overwhelming evidence of defendant's guilt, admission of this evidence could not have contributed to the verdict of guilt, and was harmless beyond a reasonable doubt. See, *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). However, we also conclude that it may well have had an effect upon the punishment assessed, and the sentence will therefore be modified.

■ Defendant's second assignment of error is that the drugs should have been suppressed, as they were obtained by an illegal search and seizure. This is frivolous. The evidence established that the drugs were given to the officers by the informant, and that they therefore were not obtained by a search.

■ Defendant's final assignment of error contains two propositions. The first proposition is that the court should have given a cautionary instruction regarding Shadrick's testimony, inasmuch as Shadrick was working with the police in the hope of escaping prosecution and punishment on a pending case. No request for such instruction was made. The general rule is that failure to request an instruction operates as a waiver, unless the court is convinced that under the facts of the particular case the lack of the instruction constituted a substantial violation of defendant's rights. See, *Gee v. State*, Okl.Cr., 538 P.2d 1102 (1975). After careful consideration of the facts in this case this Court is of the opinion that failure to request the instruction at trial, or to argue it in the motion for a new

**1330**

trial or to include it in the petition in error, operated as a waiver.

The second proposition is that an entrapment instruction should have been given at defendant's request. This is likewise without merit, as the record is devoid of any evidence suggesting entrapment. Entrapment is an affirmative defense, and before the jury may consider it there must appear evidence which would tend to establish that defendant was lured into the commission of the crime by police or their agents. *Lehman v. State*, Okl.Cr., 536 P.2d 1326 (1975). The record in the instant case shows only that the informant went to defendant's house and arranged and concluded a sale. This is not entrapment.

For the foregoing reasons the judgment and sentence is *MODIFIED* to ten (10) years' imprisonment, and otherwise *AFFIRMED*.