**Gerald Dee WOODRUFF, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–376.**

Court of Criminal Appeals of Oklahoma.

Aug. 16, 1978.

Larry D. Stuart, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Gerald Dee Woodruff, hereinafter referred to as defendant, was charged in the District Court, LeFlore County, Case No. CRF–76–119, with the offense of Grand Larceny from Mr. Charles Sarten, in violation of 21 O.S.1971, § 1704. He was convicted by a jury and punishment was assessed at five (5) years' imprisonment. From this judgment and sentence the defendant has appealed to this Court.

The evidence presented by the State showed that John Holland and the defendant went to the Lake Wister resort area on July 6, 1976, in the defendant's gray van. John Holland, who before the defendant's trial had pled guilty to Grand Larceny and received a two-year sentence with all but ninety (90) days suspended, testified that late in the evening he walked to a restroom, and on the way back he took some tackle boxes out of boats. When he returned to the van, he saw the defendant returning from the direction of the lake, also carrying tackle boxes, as well as some rods and reels. The two men put the equipment in the van and left the area.

The next day they left the park and drove toward Poteau. However they were forced to stop due to mechanical problems. While they were parked at the Country Boy Store, south of Poteau, Deputy Sheriff Ora Dill arrived at the store, pursuant to a radio message. He talked with the two men briefly, and asked them to remain at the store for a little while because a park ranger wanted to talk to them.

When Ranger Lawrence Glen arrived Deputy Dill gave the defendant and Mr. Holland their *Miranda* warnings, and Ranger Glen indicated that he was looking for some missing fishing equipment. The defendant then told the two officers that he had some fishing gear which he had bought from an unidentified person for ten dollars. He opened the doors of the van and showed the officers the equipment.

The property was taken to the County Courthouse, and after it was identified as the stolen property the defendant and Mr. Holland were arrested and charged with Grand Larceny. At the trial photographs of the fishing tackle in question were introduced into evidence. Mr. Charles Sarten, Mr. James Beale and Ms. Christine Burns each identified various items as being items belonging to them and taken from their boat on the 6th day of July, 1976.

After the State rested, the defendant demurred. The demurrer was overruled, and the defendant then rested without presenting evidence.

■ The defendant's first two assignments of error pertain to his motion to suppress evidence, which he made prior to trial and then raised again during the trial. He first argues that the fishing tackle was seized as the result of a warrantless search, and that the State must carry the burden of proving that the search falls within one of the accepted exceptions to the prohibition on warrantless searches. From the testimony offered at the trial, however, it is clear that, in fact, no search was conducted. When Ranger Glen told the defendant and Mr. Holland that he was looking for the fishing tackle, the defendant voluntarily opened the van and produced the equipment.

■ The defendant also argues that the evidence was seized as the result of an illegal arrest, but such is not the case. Deputy Dill knew that the occupants of a gray van were being sought for questioning with regard to some missing fishing tackle, and knew that a gray van had been seen at the Country Boy Store. We are of the opinion that when Deputy Dill asked the occupants of that van to wait for Ranger Glen to arrive, this was in the nature of an investigative stop rather than of an arrest. See *Terry v. Ohio*, 391 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). For these reasons the first and second assignments of error are without merit.

■ Thirdly the defendant argues that the trial court committed error by admitting the testimony of Ms. Burns and Mr. Beale. The information filed in this case alleged that the defendant stole the property of Mr. Charles Sarten, while Mr. Beale and Ms. Burns testified that part of the stolen property belonged to them. The defendant contends that this testimony amounted to improper evidence of other crimes.

The evidence presented in this case showed that all of the fishing tackle was stolen within a single narrow time frame, and at the same location. John Holland testified that all of the stolen equipment was placed in the defendant's van. Therefore the testimony of Mr. Beale and Ms. Burns was admissible as part of a common scheme, plan or design embracing the commission of two or more crimes so closely related that proof of one tended to establish proof of the other. See *Gray v. State*, Okl.Cr., 527 P.2d 338 (1974). The defendant's third assignment of error is also without merit.

■ In his fourth assignment of error the defendant asserts that the trial court should have sustained his "demurrer to the evidence," more properly termed a motion for a directed verdict. The information charged that the defendant and Mr. Hol-

land acted in concert, and the defendant quotes from the transcript at great length in arguing that the evidence presented by the State failed to establish that the defendant had any thing to do with the stolen property until after it had been placed in the van, and that the evidence actually indicated that John Holland committed the larceny alone, with the defendant being merely an accessory after the fact.

Although the defendant has cited no authority to support his argument, and hence is only entitled to consideration for fundamental error, *Collins v. State*, Okl.Cr., 407 P.2d 609 (1965), we observe that the State did present sufficient evidence to justify submitting the case to the jury. A review of the evidence as set forth above shows that the State presented a prima facie case, and the question of the proper conclusions to be drawn from the evidence was one for the jury. This assignment of error is without merit.

■ Finally, the defendant contends that the punishment assessed was excessive. The five-year sentence was the maximum which could have been given; however, in view of the fact that the defendant was older than John Holland and appears to have been the dominant figure in this crime, we cannot say that the sentence shocks our conscience. The defendant, of course, may apply to the District Court for a suspension of the sentence under the provisions of 22 O.S.1971, § 994.

For the above and foregoing reasons the judgment and sentence in this case is *AFFIRMED*.

CORNISH, J., dissents.

BRETT, J., concurs.

CORNISH, Judge, dissenting:

In his third assignment of error the defendant complains that the State introduced evidence of other crimes. The information charged the defendant with the larceny of fishing tackle belonging to Mr. Charles Sarten, but at the trial three people identified fishing tackle as having been stolen from them: Mr. Sarten, Mr. James Beale and Ms. Christine Burns. The majority holds the testimony of the other two people admissible "as part of a common scheme, plan or design embracing the commission of two or more crimes so closely related that proof of one tended to establish proof of the other." I do not believe that this holding is correct, because proof of the other thefts does nothing to establish the theft which the defendant was charged.

This Court has repeatedly held that merely being close together in time is not a sufficient connection to bring other crimes within the common scheme exception. *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977) (15 burglaries in two weeks); *English v. State*, Okl.Cr., 480 P.2d 279 (1971) (three burglaries in one night); *Roulston v. State*, Okl. Cr., 307 P.2d 861 (1957) (three robberies in one day). In *Atnip* the Court made the following statement in finding reversible error:

In the instant case there is nothing to indicate that any of these crimes were connected in any manner other than that some of the burglaries were committed on the same day. Furthermore, the mere fact that the evidence shows that the crimes were all burglaries allegedly committed by the same three persons is not sufficient to fall within this exception. Mere similarity of the alleged offenses does not, of itself, indicate common scheme or plan.

In *Hawkins v. State*, Okl.Cr., 419 P.2d 281 (1966), for instance, this Court held that evidence of another crime would be admissible if it tended to prove that there was some sort of plan or system which "embraced" both crimes. The Court then went on to say:

Such as where the crime is committed to prepare the way for another and the commission of the second crime is made to depend upon the perpetration of the first. In that event the second becomes connected and a related transaction and the proof of the commission of the first becomes relevant to show the motive for the perpetration of the second.

All the cases require that there must be some sort of visible connection between the offense charged and the offenses sought to be proved, and in the light of *Hawkins* I would hold that no such connection was established in this case. The key words in the common scheme exception are that the crimes must be *"so related to each other that proof of one tends to establish the other."* But in the instant case the thefts are separate and independent. Proof of the others does *not* tend to establish the one charged.

Aside from the problem of the other crimes, the State's case was very strong. There is no doubt that a second trial would result in a second verdict of guilty. But there is no way to know what effect the improper evidence may have had upon the jury when they determined the defendant's punishment. And for that reason I believe that this case should be reversed.