Carl Emerson HAINTA, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-613.

Court of Criminal Appeals of Oklahoma.

June 25, 1979.

Ronald R. Hadwiger, Cherokee, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Carol Elaine Alexander, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Carl Emerson Hainta, hereinafter referred to as defendant, was charged after certification to stand trial as an adult in the District Court, Alfalfa County, Case No. CRF-78-7, and convicted for the offense of Assault With a Dangerous Weapon, in violation of 21 O.S.1971, § 645. His punishment was fixed at three (3) years'

imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

An examination of the testimony discloses that on December 17, 1977, David M. McCune, the Superintendent of the Helena State School, was called to the school because of a disturbance. Defendant had been in a fight with another student earlier that day and had been ordered to the detention area. Defendant refused to obey the order and started the disturbance. McCune attempted to counsel defendant as to the necessity of cooperating with the school officials. Defendant was taken to the infirmary where .150 milligrams of Thorazine were administered. McCune continued to counsel the defendant but was unsuccessful in changing defendant's attitude. Defendant grabbed a desk stapler from a desk and went outside. McCune followed him and attempted to take the stapler away from him. Defendant struck McCune several times in the face saying that he was not going to be locked up. Defendant proceeded toward the front gate of the grounds with McCune following him. He attempted to prevent defendant from leaving the grounds and was struck again with the stapler.

Defendant testified that on the morning in question he fought with another boy who was calling his grandmother obscene names. He remembered striking Superintendent McCune with the stapler but did not remember what happened thereafter because of the dose of Thorazine.

■ Defendant asserts in the first assignment of error that the trial court erred in admitting into evidence photographs of the victim. Defendant argues that the photographs were not sufficiently identified, had no probative value and were introduced solely for the purpose of inciting the passion of the jury. We would first observe that the photographs were identified by Superintendent McCune as being true and correct pictorial representations of himself taken shortly after the attack. Such identification is sufficient to permit the introduction of the pictures into evidence. See

*Parkhill v. State,* Okl.Cr., 561 P.2d 1386 (1977).

■ We would next observe that the pictures are not gruesome and merely depict the location and extent of McCune's injuries. Considering the nature of the offense, assault with a dangerous weapon, the weapon utilized, a desk stapler, and the parties involved, a seventeen year old defendant and a grown man, the pictures had probative value to enable the jury to determine the extent of the attack. See *Clark v. State,* Okl.Cr., 558 P.2d 674 (1977) and *Johnson v. State,* Okl.Cr., 478 P.2d 969 (1970).

■ Defendant contends in the second assignment of error that the trial court erred in admitting evidence of an attack by the defendant on the school chaplain earlier the same day. Defendant cites as authority *Bryant v. State,* Okl.Cr., 585 P.2d 377 (1978), wherein this Court held impermissible evidence of totally unrelated crimes to show that defendant had a propensity to commit crimes.

Whether or not the earlier attack on the chaplain is related to the subsequent attack on the superintendent need not be decided by us since this evidence is admissible on a different basis. During direct examination of the defendant by defense counsel, the following dialogue took place:

"Q. You've never been involved in anything of this nature before, have you?
"A. Not like this."

By his own testimony, defendant thus opened up the subject matter of prior similar incidents for further inquiry on cross-examination. Thus, any alleged error occurred at the invitation of the defendant himself. *Creek v. State,* 16 Okl.Cr. 492, 184 P. 917 (1917), *Cherry v. State,* Okl.Cr., 544 P.2d 518 (1976), *Murray v. State,* Okl.Cr., 562 P.2d 1157 (1977).

■■ In his third assignment of error, defendant alleges that the evidence was not sufficient to sustain the verdict. He further contends that, contrary to law, defendant was incapable of forming the necessary intent to commit an assault because of the

involuntary intoxication that resulted from the tranquilizer. We are of the opinion that this assignment of error is wholly without merit. The nurse who administered the tranquilizer to the defendant testified that it was a "very mild dose." [Tr. 48]. Defendant testified that he clearly remembered picking up the stapler and striking Superintendent McCune. The intent to commit the assault and the actual assault itself were formed and completed prior to the time the defendant had a black out spell. We would further observe that the record does not reflect that defendant requested an instruction concerning this theory of defense. See *Oliver v. State,* Okl.Cr., 568 P.2d 1327 (1977) and *Pullin v. State,* Okl.Cr., 509 P.2d 168 (1973).

Defendant finally urges that the verdict of the jury is contrary to the law in that the evidence showed that defendant and the "employees of the Helena State School were mutual combatants." This assignment of error is patently frivolous. The evidence is uncontradicted that defendant struck Superintendent McCune without provocation because he did not want to obey the rules of the school.

The record is free of any error which would justify reversal, and accordingly, the judgment and sentence is *AFFIRMED.*

CORNISH, P. J., and BRETT, J., concur.