**People of the State of Illinois, Defendant in Error, v. Carl J. Fuerback, Plaintiff in Error.**

**Gen. No. 50,358.**

First District, Fourth Division.

January 14, 1966.

Daniel C. McEachran, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant, Carl J. Fuerback, was convicted of armed robbery after a jury trial and sentenced to the penitentiary for not less than ten nor more than eleven years. Defendant appealed directly to the Illinois Supreme Court which transferred this case to the Appellate Court. In his appeal defendant contends that he did not receive a fair trial, asserting first that the prosecution erroneously, over objection, introduced evidence of the defendant's alleged participation in a crime subsequent to the offense for which he was on trial and, second, that

the prosecution's closing argument to the jury was improper.

At approximately 10:50 a. m. on March 15, 1962, defendant and a companion allegedly entered a paint store on Elston Avenue in Chicago, Illinois, and while brandishing a .45 caliber automatic took $45 from the cash register and $23 from one of two off-duty police officers who were customers therein. Defendant was arrested on March 28, 1962, and was subsequently identified in a lineup by the two officers but not by the store owner. Defendant denied committing the robbery and testified that he was with his mother in her apartment at the time of the robbery. This testimony was corroborated by defendant's mother who stated that he did not leave the house until about noon and returned ten minutes later. In rebuttal the prosecution adduced the testimony of Abby Mueller who stated that on March 15, at approximately 11:40 a. m., the defendant and another man entered a grocery store on Wilson Avenue in which she was employed at the check-out counter, that they left and returned at five minutes after twelve and took money from the cash register at gunpoint. Upon further direct examination the witness testified in great detail not only as to what the defendant said and did during the robbery but also as to the description of the gun that was used.

■ ■ The general rule, with certain exceptions not pertinent in this case, is that in the prosecution of a crime evidence of a separate and distinct crime allegedly committed by the defendant is not admissible. People v. Cordes, 391 Ill 47, 62 NE2d 465. In that case the defendant was charged with assault with intent to commit rape but offered an alibi as to his whereabouts at the time of the crime. The prosecution adduced the testimony of a rebuttal witness who stated that in the vicinity and at the approximate time of the crime in question the defendant "asked her if she wanted to have

sexual intercourse and that she observed his trousers were open in front and his private parts exposed." The court held that the portion of her testimony which tended to show that the defendant was in the vicinity at the time of the crime was admissible to rebut his alibi but that the evidence of the vulgar remarks and his indecent exposure was prejudicial and not admissible. The court stated at page 50 that:

> It is immaterial whether such evidence be considered as tending to establish an offense separate and distinct from the one charged in the indictment or as tending to discredit him and cast suspicion upon his conduct and morals. It was not admissible in either event. It was separate and distinct from the offense charged, unrelated thereto and was not part of the res gestae.

In the instant case the scope of the testimony of Abby Mueller was not limited to rebutting the defendant's alibi that he was at his mother's apartment until noon on the day of the robbery. Though her testimony that the defendant was in the grocery store at approximately 11:40 that morning and again shortly after noon was proper since it did rebut his alibi, the admission into evidence of that portion of the witness' testimony relating the details of the defendant's alleged participation in a crime separate and distinct from that for which he was being tried was prejudicial error. Even the trial judge, in his consideration of this case, gave considerable weight to the prejudicial portion of Abby Mueller's testimony. Before pronouncing sentence he stated:

> You held up two policemen, you left there, you held up a store. That was the same day. Pursuing that course of conduct you would either kill somebody or be killed yourself. You are not only a menace to yourself and your family but you are a menace to society.

Defendant also asserts that prejudicial error was committed because of the impropriety of the following statement by the prosecuting attorney in his reply to defendant's closing argument to the jury: "Well, I don't know whether he [defendant's counsel] knows it or not, but if Mr. Flynn [the prosecuting attorney, referring to himself] did not think this fellow was guilty he would have nolled [sic] the case." There was no reference to any evidence upon which that opinion was based. The Illinois Supreme Court has repeatedly held that it is improper for the prosecuting attorney to state his own individual opinion or belief of the defendant's guilt. People v. Provo, 409 Ill 63, 97 NE2d 802; People v. Hoffman, 399 Ill 57, 77 NE2d 195. It also violates the Canons of Ethics (Canon 15 of the Canons of Professional Ethics of the ISBA and the CBA). The comment in question was improper and constitutes prejudicial error.

Also in his closing argument the prosecuting attorney raised an adverse inference from the defendant's waiver of an opening statement. Speculating upon the reason for that waiver he stated:

> It is very interesting. The defense waives. Well, we want to keep the defense loose so we can run here or run there, it depends on how the evidence is going to go.
> The defense waives. What did they have to hide? This unforgettable day that they all know so much about, why couldn't they have told you about it in the opening statements? Why? You know why.

The purpose of an opening statement on behalf of a defendant is to apprise the jury of the nature of the defense and the evidence that is to be offered to sustain it. Since the opening statement is not evidence nor is it binding on the defendant, it bears no relationship to the merits

456

of any defense that is to be interposed and a waiver of the right to make that statement cannot raise any adverse inferences against the defendant. In People v. Church, 366 Ill 149, 7 NE2d 894, the court held that it was improper for the prosecuting attorney to state in his closing argument to the jury that the People had been placed at a disadvantage because the defendant waived her right to make an opening statement. The court stated at pages 159, 160 that "these remarks were improper, because the defendant was not bound to state in advance what defense the testimony of her witnesses would tend to prove." Since the remarks by the prosecution in that case were improper we can only conclude that the invidious references to the defendant's waiver of an opening statement in the instant case were prejudicial.

We find that the defendant did not receive a fair trial and therefore this cause is reversed and remanded for a new trial with directions to proceed in a manner not inconsistent with this opinion.

Reversed and remanded with directions.

ENGLISH and McCORMICK, JJ., concur.