**Frederick Douglas BRAY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14573.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Frederick Douglas Bray, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Shooting with Intent to Kill. He was tried by a jury, found guilty, and sentenced to 20 years in the penitentiary. From this judgment and sentence he has appealed to this Court.

From the record filed herein, it appears that on April 7, 1967, at about 5:30 A.M., a Safeway tractor-trailer truck was proceeding north on Lindsay in Oklahoma City. This truck was driven by Jack Ledford, and his helper was Richard McFarland. In the vicinity of 10th and Lindsay, they noticed a car following them, blinking its lights, and giving the appearance of wanting to pass. The car followed the truck to 24th and Lindsay, where it passed the truck, pulled over in front of it, and caused the truck to stop. Three negroes were in the front seat of the car. The one on the right, identified as the defendant, got out, climbed up on the left running board of the truck with a pistol and after a few words, demanded that Ledford descend. Upon his refusal, defendant shot Ledford five times from a range of two feet. Ledford was shot in the mouth, in the neck, in the left arm, in the elbow, and in the side. Ledford identified the defendant as his assailant. He also stated the pistol looked like the weapon used. McFarland, Ledford's helper who was also wounded, identified the defendant and the weapon.

Harold Akerson, one of the three negroes in the car, testified that he was in the car with the defendant and another boy. That they stopped the truck, and the defendant got out, went over to the truck and said something to them, which he could not clearly make out. He stated he

then heard 4 or 5 shots. That defendant Bray came back to the car and stated, "They were both dead". Akerson further testified that Bray had the gun on him in the car before they stopped the truck, and that he had told them he got it from "some policeman in Kansas City". Akerson further identified the gun and the defendant as one and the same.

The State introduced the gun as Exhibit 1, and called upon the testimony of Robert Thornburg, a Kansas City police officer, who identified the exhibit as his service revolver which was taken from him in a robbery. He identified the defendant as the person who took the gun from him.

It is the testimony of this witness, Robert Thornburg, to which defendant objects. He contends that to admit the testimony of another crime in Kansas City was error.

■ While this Court agrees with the general proposition that evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial for a criminal offense, we have also stated in many instances that evidence of other offenses may be admitted where there is a logical connection with the offense charged, or where the evidence is within a specific exception to the general exclusionary rule.

■ In the instant case, the testimony of the Kansas Officer dealing with the defendant's taking of his service revolver, together with the testimony of three separate eye-witnesses regarding the weapon used in the offense at issue, corroborated the identification of the defendant. In other words, the three eye-witnesses testified that the weapon used was of the same sort as the weapon taken in Kansas, making the identification of the defendant by the officer probative of the identity of Ledford's assailant.

It is important to keep in mind that Harold Akerson, who was in the car with defendant, *testified that defendant had the gun (Exhibit 1) in his belt and that defendant had said he took it from a Kansas City police officer.*

Therefore, since the officer's testimony identified the accused by linking him to the weapon used, it tended to prove an element in the State's case—the identity of Ledford's assailant—and therefore, it is the opinion of this Court that the trial judge ruled correctly under these circumstances in admitting the testimony, even though it was coincidentally evidence of another crime. See, Fields v. State, 77 Okl.Cr. 1, 138 P.2d 124; Nemecek v. State, 72 Okl. Cr. 195, 114 P.2d 492, 135 A.L.R. 1149; and, White v. State, 36 Okl.Cr. 57, 252 P. 455.

In the instant case, the circumstances of the crime committed by this defendant are so heinous and vicious, it could not possibly have prejudiced the jury any further by hearing the testimony of this witness. The conviction of the defendant was founded on the unimpeached and undenied testimony of three eye-witnesses.

To further support this view, the victim Ledford testified that the defendant related the words—see cm pg. 73—where defendant stated repeatedly "I will blow your damned head off" * * * "Fall, you white son-of-a-bitch"—stated three times, all the time shooting the victim—first in the mouth (the bullet lodged next to his spine), through the neck, in the arm, in the elbow, in the side, and shot at Ledford a sixth time—All for no apparent reason or provocation.

All of the evidence and testimony was uncontradicted.

■ This Court has repeatedly held that no judgment shall be set aside or new trial granted in any case on appeal on the ground of the improper admission or rejection of evidence, unless in the opinion of this Court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

Under the overwhelming evidence in this case and the bizarre circumstances, which undoubtedly had the same effect on the

jury that it has had on this Court, the defendant should consider himself fortunate that the maximum penalty was only twenty years.

Judgment and sentence affirmed.

BRETT, P. J., and BUSSEY, J., concur.