EARL F. GRAYBEAL, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

463 S.W.2d 159.

Court of Criminal Appeals of Tennessee. Sept. 23, 1970.

Certiorari Denied by Supreme Court Jan. 18, 1971.

Wilson S. Ritchie, Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Knoxville, William Zane Daniel, Asst. Dist. Atty. Gen., Powell, for defendant in error.

## OPINION

WALKER, Presiding Judge.

From his conviction for robbery with a deadly weapon and 50-year sentence, the defendant below, Earl F. Graybeal, appeals in error, assigning as his principal ground that the court erred in admitting evidence of a subsequent offense of armed robbery.

The State's proof showed that at about 7:15 P.M., November 9, 1968, Graybeal with a .410 gauge shotgun held up and robbed Mrs. Joyce King, an employee of

the Shop and Go market in Knoxville. He was wearing a red cap, white gloves, and was driving a greenish blue or turquoise Chevrolet automobile. Although he had a white handkerchief over his face, Mrs. King positively identified him. He obtained about $200 in the robbery.

The defendant did not testify but offered proof of an alibi. His sister and brother-in-law testified that he came to their home on that day a short time after 6:00 P.M. and left at about 7:45 P.M. By her testimony he was eating supper at her home several miles away at about the time of the offense and could not have been there.

In rebuttal of this alibi evidence, the State introduced over his objection the testimony of William and Kathleen Hickman that about 7:20 or 7:30 P.M. that day the defendant came to their place of business in a bluish green Chevrolet, wearing a red cap and gray jacket, with a white handkerchief over his face and robbed them with a shotgun or rifle. Both identified Graybeal. When he backed out the door, Mrs. Hickman says he pulled his handkerchief off or it fell down and she saw him.

The trial judge admitted the proof of the second crime on the question of identity because the defendant had raised the defense of an alibi. The defendant contends this was inadmissible, particularly that a subsequent offense is not admissible on the question of identity.

This evidence was material on the issue raised by the defense of alibi. Evidence that is material and relevant is never rendered incompetent because it may tend to show guilt of another offense, even though such evidence be prejudicial to the defendant. See Jones v. State, 200

Tenn. 553, 292 S.W.2d 767; Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856. The fact that it occurred subsequent to the crime charged does not make it inadmissible. This assignment is overruled.

■ The defendant says that the district attorney general made prejudicial comments not in evidence or in the record while he was seated at the counsel table adjacent to the jury box. When the defendant objected, the trial judge promptly cautioned the jurors that if they had heard any comments not to consider them. This assignment is without merit.

■ The defendant says evidence was introduced as a result of an unlawful search of his automobile. With a description of the car and its driver involved in the hold-up, an officer saw the defendant at about 7:45 P.M. and followed his car into a service station where the defendant bought some gasoline. The defendant went into the service station. When the officer approached, the defendant put both hands in his pockets. The officer caught his arms and the defendant said he had nothing. In arresting him, the officer told the defendant he fit the description of the robberies. We think it was a lawful arrest. Some evidence was in plain view in the automobile. The officers found the red cap, shotgun and some shells, white gloves and a paper bag containing money. Money in the amount of $216.45 was found in the bag and on his person. The automobile search was lawful. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419.

■ The defendant was represented by counsel at a lineup, and there was no error in its procedure.

■ The evidence amply sustains the verdict and the assignment on its weight is overruled. Taylor v. State, Tenn.Crim.App., 455 S.W.2d 168 (1970).

The judgment is affirmed.

HYDER and DWYER, JJ., concur.