Samuel Rayfael BURKS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–55.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1977.

Jim Conatser, Bartlesville, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Samuel Rayfael Burks, hereinafter referred to as defendant, was charged by information in Case No. CRF–75–384, with the crime of Unauthorized Use of a Motor Vehicle, pursuant to 47 O.S.1971, § 4–102, in the District Court, Washington County, State of Oklahoma. After a bifurcated jury trial in which the jury found defendant guilty of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony, punishment was set at nine (9) years in the custody of the Department of Corrections of the State of Oklahoma. On the 28th day of July, 1976, the trial court pronounced judgment and sentence in accordance with the verdict of the jury. From said judgment and sentence the defendant has perfected this timely appeal.

The facts in this case presented by the State in support of its case in chief are identical to the ones reported by this Court in *Agee v. State*, Okl.Cr., 562 P.2d 913 (1977), wherein the co-defendant was tried and convicted of Burglary in the Second Degree. Therefore, a very brief statement of the facts is necessary.

At the trial, the State produced testimony from law enforcement officers who testified that while searching in an area near Copan, Oklahoma in Washington County, for two men they discovered that a home belonging to a Mr. and Mrs. Jeter had been burglarized and that their 1972 Chevrolet Nova was missing. The fact of the missing automobile was transmitted by police radio to northern Oklahoma and southern Kansas.

A few hours later the stolen automobile was observed by local authorities in Coffeyville, Kansas. A Kansas Deputy Sheriff followed the automobile to where the defendant parked the same, emerged, and walked to the bus station. The defendant was ultimately arrested at the bus station by yet another Kansas police officer.

The Jeters were then summoned to the Coffeyville Kansas Police Department where they identified their automobile, items taken from their home, and stated that the house had been securely locked and that the extra set of keys were located in one of the bedrooms of the home.

The chain of custody of the items introduced into evidence was adequately established by various Oklahoma and Kansas police officers. The defendant in the instant case was identified by several witnesses as being an occupant of the stolen car in both Oklahoma and Kansas.

After this evidence, the State rested.

The defendant declined to make an opening statement or present any evidence, and rested.

■ For his first assignment of error the defendant urges that the trial court erred in admitting into evidence, testimony from which the jury could infer that the defendant had been involved in, or implicated with, other crimes or criminal acts in addition to the offense charged. More specifically, the defendant objects to the opening statement made by the prosecutor and to subsequent evidence which he urges and implies that defendant was not only involved in the instant crime but was also involved in a burglary and was the subject of a search.

While this Court will guard zealously the defendant's right to be tried only for the crime charged, we do not find that the argument and evidence submitted in this case requires either reversal or modification.

A careful examination of the record reveals that there was evidence from which a reasonable jury could draw the inference that this defendant was involved in a burglary. However, it should be quickly noted that this evidence was admissible for the purpose of showing how the defendant could have obtained the keys to the automobile in question. The evidence concerning the method of obtaining the car keys was relevant and had probative value. In *Johnson v. State*, 70 Okl.Cr. 270, 106 P.2d 149 (1940) this Court stated:

" '. . . Evidence is admissible, in the trial of a criminal cause, which tends directly to prove the guilt of the accused, although it may also show, or tend to show, the commission of a separate and distinct felony, and this is true although the admission of such testimony may arouse resentment in the minds of the jury and result in a greater punishment than would ordinarily be inflicted.' "

"It is well settled that evidence covering the commission of another offense is always admissible when two crimes are so linked together in point of time or circumstances that one cannot be fully shown without proving the other."

Going directly to the point of res gestae we stated in *McGlockin v. State*, Okl.Cr., 516 P.2d 1357 (1973), that:

" . . . The defendant argues that the reference to a 'kidnapping' implied that the defendant was guilty of other crimes. An examination of the record reflects that at the time the officers looked into the automobile they were logically and properly investigating a possible kidnapping and the statement was properly admitted as a part of the res gestae. . ."

And finally in *Songer v. State*, Okl.Cr., 464 P.2d 763 (1969), this Court laid down a five way test for the admissibility of such evidence. In that case we stated:

"Although a trial court should guard against the admission of testimony relating to separate and distinct offenses for which the defendant is not presently on trial, it is the rule of this Court, as announced in *Jones v. State*, Okl.Cr., 321 P.2d 432 (1958):

" 'The evidence of other crimes in order to be admissible must come within one of the well recognized exceptions to the rule. That is, tends to establish (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; and, (5) the identity of a person charged with

the commission of the crime on trial.' 321 P.2d 435."

We think the evidence in the instant case clearly falls within at least three, if not four of the above exceptions. Clearly the evidence tended to show the motive and intent of the defendant, the absence of mistake or accident, and most certainly the identity of the defendant. And finally, it was obviously evidence tending to show a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one was necessary in order to establish the other.

 For his second and final assignment of error the defendant urges that his constitutional guaranty against double jeopardy has been violated. The defendant urges that his conviction in the District Court, Washington County, for the offense of Burglary in the Second Degree, Case No. CRF–75–387, and his subsequent conviction in the instant case was a violation of his constitutional right of twice being placed in jeopardy for the same offense. In support of his argument the defendant cites numerous cases relating to the so-called "single objective" test and the "same evidence" test.

We find the cases and argument urged by the defendant in the instant case are distinguishable from those cited. In the cases cited by defendant the events relate one transaction or one incident; such as, the armed robbery of two or more victims simultaneously. In each of the cases cited by the defendant the "single objective" took place in a narrow time span, if not simultaneously. The purpose of the guaranty against double jeopardy is to protect the defendant from being twice tried for the same offense. We do not feel that the burglary of a farm house and the subsequent unauthorized use of the automobile located at the farm house are identical offenses. We cannot and will not extend the theory of double jeopardy to allow the defendant to commit as many crimes as he desires under the belief that he can only be prosecuted for one. See, *Hill v. State*, Okl. Cr., 511 P.2d 604 (1973).

In the case of *Webb v. State*, Okl.Cr., 538 P.2d 1054 (1975), this Court stated in part:

". . . Unless the offense, in its entirety, is a necessary element in and part of another, an acquittal or conviction of one is not a bar to prosecution for the other."

It would seem obvious that unauthorized use of a motor vehicle is not a necessary element of the offense of burglary. In *Draper v. State*, Okl.Cr., 562 P.2d 155 (1977), this Court adopted the Federal rule when it stated:

"The test in a possible double jeopardy situation is found in *Branch v. Mills*, Okl. Cr., 500 P.2d 590, 593 (1972), which quotes from *Hattaway v. United States*, 399 F.2d 431 (5th Cir. 1968):

"'For a double jeopardy claim to be viable, it must be shown that the two offenses charged are in law and in fact the same offense. * * * Offenses are not the same if, upon the trial of one, proof of an additional fact is required that is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each.'"

Finally, it should be noted that there is no indication in the record that the defendant raised a timely objection to his prosecution and trial in the instant case. In *Johnson v. State*, Okl.Cr., 550 P.2d 984 (1976), this Court stated as follows:

"[I]t is a well recognized rule of criminal law that the privilege of immunity from a second prosecution given by the United States Constitution in the Fifth Amendment and bolstered by Article 2, § 21, of the Oklahoma Constitution, can be waived. This waiver can take the form of expressed consent or may be implied by the failure to claim or assert this right. In the instant case the record is void of any showing that the defendant presented this matter of former jeopardy to the trial court for consideration. . . ."

However, even for the sake of argument, had the objection been timely filed we find,

as a matter of law, that the conviction for burglary in the second degree was not a bar to a conviction in the instant case.

Finding no error which would require this Court to either reverse or modify the conviction we find the same should be, and hereby is, AFFIRMED.

BRETT, J., concurs in results.

BRETT, Judge, concurring in results.

Because the defendant failed to raise as a defense "former jeopardy" I am bound to concur in the results of this decision. Had the affirmative defense been raised, I would dissent as I did in *Hill v. State*, supra, and *Draper v. State*, supra.