Mark Edward THOMAS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–203.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1980.

Rehearing Denied Feb. 12, 1981.

William E. Woodson, and Sarah Jackson (Legal Intern), Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., William Brad Heckenkemper, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant was convicted, in Cleveland County, of Robbery With Firearms and sentenced to fifteen (15) years' imprisonment. The conviction arose out of the robbery of a convenience store on January 13, 1978, in Norman, Oklahoma.

At trial, the appellant was identified by the cashier of the convenience store as the person who committed the robbery. The appellant, in response to the State's evidence, asserted the defense of alibi. The appellant's witnesses testified to the fact that the appellant was at home before and during the time when the robbery was alleged to have occurred. Some of the witnesses then testified to the appellant's presence at a concert later in the evening. The appellant also sought to introduce the testimony of two other alibi witnesses by the use of the preliminary hearing transcript. The State objected to the introduction of the testimony of the two witnesses and the objection was sustained.

On rebuttal the State called to the stand the owner–operator of a liquor store in Blanchard, Oklahoma. He testified that the appellant was in his store and had robbed him at gunpoint approximately an hour after the convenience store robbery. This testimony was introduced in order to discredit the appellant's alibi witnesses' testimony that the appellant was at a concert that evening.

The appellant assigns as error the failure of the trial court to allow the introduction of the preliminary hearing testimony of two of the appellant's alibi witnesses. The trial court excluded the testimony for the reasons that the State did not adequately cross–examine the witnesses at the preliminary hearing and the testimony sought to be introduced was cumulative to the testimony of the appellant's other alibi witnesses.

Clearly the testimony was an out–of–court statement offered in court to prove the truth of the matter therein asserted. Arguably, however, the testimony fits within the former testimony exception to the hearsay rule. In order for the testimony to be admitted under the exception the witnesses' unavailability must be shown. See *Saumty v. State*, Okl.Cr., 503 P.2d 571 (1972); *Whitehead v. State*, Okl. Cr., 526 P.2d 959 (1974).

Our cases, with the exception of the above two, have generally dealt with the admissibility of former testimony in situations in which the State is the party urging admissibility. These cases, however, also typically involve a confrontation clause problem. See e.g., *Dilworth v. State*, Okl. Cr., 611 P.2d 256 (1980); *Smith v. State*, Okl.Cr., 546 P.2d 267 (1976); *In Re Bishop*, Okl.Cr., 443 P.2d 768 (1968).

To what extent the previous cited cases apply in the present situation we need not decide. The boundaries of confrontation and hearsay are not co–extensive. See *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). An extended discussion of the two rules would be pointless because the present case can be dealt with simply in terms of common law evidence rules.

Assuming that the appellant showed the unavailability of the witnesses, it was still within the discretion of the trial judge to exclude the evidence as being needlessly cumulative. While in our view it may have been a better course to allow the introduction of the testimony, we cannot say, as a matter of law, that the trial judge abused his discretion. The other alibi witnesses testified to the appellant's whereabouts at the times when the robberies occurred. The appellant had therefore established his alibi defense. The testimony of the two missing witnesses could only have served to indicate the truthfulness of the testimony by other witnesses. As such, it could be considered cumulative.

The appellant next assigns as error the admission of the testimony concerning the liquor store robbery. The law in this State concerning evidence of crimes other than the one for which the accused is being tried is that such evidence is inadmissible unless used to show motive, intent, absence of mistake or accident, identity or a common scheme or plan. *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977); *Hawkins v. State*, Okl.Cr., 419 P.2d 281 (1966); *Roulston v. State*, Okl. Cr., 307 P.2d 861 (1957).

■ The State argues that the testimony concerning the liquor store robbery was admissible to show the identity of the accused as the person who committed the first robbery. See *Warner v. State*, Okl.Cr., 568 P.2d 1284 (1977), cert. den. 434 U.S. 999, 98 S.Ct. 641, 54 L.Ed.2d 494. Generally, evidence of other crimes is admissible under the identity exception if there is identity or a visible connection between the crimes. See *Burks v. State*, Okl.Cr., 594 P.2d 771 (1979); *Buchanan v. State*, Okl.Cr., 483 P.2d 1180 (1971); *Bray v. State*, Okl.Cr., 450 P.2d 512 (1969); *Roulston v. State*, supra; *Wollaston v. State*, Okl.Cr., 358 P.2d 1111 (1961). In *Wollaston*, supra, the Court recognized the importance of evidence of other crimes to prove identity in cases where an alibi defense is raised. The present case, however, differs from the *Wollaston* case in several respects. First, in *Wollaston*, the crimes were all introduced in the State's case–in–chief. Second, the crimes were all committed in a distinctive manner. Third, the trial court gave an instruction to the jury limiting the purpose for which they could consider the other crimes evidence.

In the present case, if the State had sought to introduce the evidence of the second robbery in its case–in–chief it would clearly have been inadmissible. The crimes, while similar, were not so closely related that the evidence of the second robbery would tend to identify the perpetrator of the first. The evidence of the second robbery, however, was not introduced until after the appellant had presented an alibi defense.

■ When an alibi defense is raised, identity becomes an issue and evidence of other crimes is admissible to rebut the alibi. The identification of the accused as the perpetrator of each crime is sufficient for admissibility when the evidence tends to disprove the accused's alibi. See *State v. Williams*, 307 Minn. 191, 239 N.W.2d 222 (1976); *Graybeal v. State*, 3 Tenn.Cr.App., 466, 463 S.W.2d 159 (1970). See generally Annot., Robbery–Evidence of Other Robberies 42 A.L.R.2d 854 (1955).

■ The questioned testimony in the present case was admissible under the identity exception. Simply determining the admissibility of the evidence as a whole, however, does not end our inquiry. Because of this severe prejudicial effect of the testimony, we must determine whether any steps were or could have been taken to insure the appellant was convicted of only the crime for which he was on trial.

First, it is clear that the testimony concerning the second robbery could have been limited. The details of the crime were unnecessary for the purpose of rebutting the appellant's alibi. The only testimony necessary for the refutation of the alibi was first, the positive identification of the appellant, at a time and place inconsistent with the alibi, and second, the reason for the positive identification.

The appellant's last assignment of error is the second step which the trial court should have but failed to take to insure a fair trial. The trial court did not instruct the jury on the limited purpose of the other crimes evidence. The appellant, however, failed to request an instruction.

■ We first note that *Burks v. State*, Okl.Cr., 594 P.2d 771 (1979), is inapplicable here because the appellant's trial was prior to the *Burks* decision. Prior to *Burks*, the failure to give a limiting instruction was not reversible error if no instruction was requested. *Barnhart v. State*, Okl.Cr., 559 P.2d 451 (1977); *Nubine v. State*, Okl.Cr., 506 P.2d 952 (1973). As the appellant points out, however, even though the failure to give the instruction was not reversi-

ble error this Court has held that such failure may constitute grounds for modification. *Rathbun v. State*, Okl.Cr., 506 P.2d 983 (1973). We so hold. The failure of the trial court to limit the testimony concerning the second robbery combined with the failure to instruct a jury on the purpose of the testimony are sufficient grounds for modification of the appellant's sentence. The judgment and sentence is, accordingly, modified to a term of seven and one-half (7½) years and as so modified, is AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissenting.

I must respectfully dissent on the basis of the evidence of another, unrelated crime, which evidence necessitates reversal of this conviction.

The appellant alleges that the trial court improperly admitted the testimony of Leonard Reames regarding another crime allegedly committed by the appellant. Reames testified on rebuttal that the appellant held up his liquor store in Blanchard, Oklahoma, at 8:20 p. m. on January 13, 1978. The defense's objections were overruled.

As a rule, a defendant put on trial for one offense is to be convicted, if at all, by evidence of that offense only. *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977); *Hawkins v. State*, Okl.Cr., 419 P.2d 281 (1966); *Roulston v. State*, Okl.Cr., 307 P.2d 861 (1957).

The five exceptions to the general rule recognize that evidence of other crimes may be admitted to show (1) motive; (2) intent; (3) absence of mistake or accident; (4) identity of the person charged with the commission of the crime for which the accused is put on trial; and (5) the presence of a common scheme or plan embracing two or more separate crimes so related to each other that proof of one tends to establish the other. *Burks v. State*, Okl.Cr., 594 P.2d 771 (1979); *Jones v. State*, Okl.Cr., 321 P.2d 432 (1958); *Hawkins v. State*, supra; *Atnip*

*v. State*, supra. *Even then, the probative value of such evidence must outweigh its prejudicial effect.*

The State contends first that the questionable testimony was properly admitted under the "common scheme" exception. The "common scheme" exception applies when the crimes are so clearly related that proof of one tends to establish the other or when the first crime is committed in preparation for the second. See *Roulston v. State*, supra.

The instant case does not indicate that the first robbery was perpetrated to facilitate the second robbery nor that both were part of an overall criminal scheme. Without an adequate foundation, Reames' testimony was improperly introduced into evidence as proof of a common scheme.

The State additionally argues that Reames' testimony could be admitted under the identity exception. See *Warner v. State*, Okl.Cr., 568 P.2d 1284 (1977). While an examination of recent decisions by this Court indicates that the application of this exception to the case at bar is tenuous, it does have some probative value. Reames' testimony regarding appellant's whereabouts at 8:20 p. m. refutes the appellant's alibi, which attempts to establish a misidentification of him as the perpetrator of the crime by placing him at a concert during the period of time covering both the robberies of the convenience store and the liquor store.

In *Warner v. State*, supra, the defendants were charged with the armed robbery of a private residence, where an inscribed pistol was stolen. At trial, a witness testified that he had recovered and turned over to a police officer the pistol at the site of a subsequent armed robbery, which he had witnessed, to establish the identity of the defendants in the former offense. This Court affirmed the conviction on appeal and found the evidence properly admitted to connect the defendants with the first robbery under the identity exception.

The decision in *Burks v. State*, Okl.Cr., 568 P.2d 1311 (1977), also illustrates an ap-

propriate situation for the use of the identity exception. In *Burks*, the defendant was charged with unauthorized use of a motor vehicle, and the owner of the stolen automobile testified that a spare set of keys to his stolen car had been taken from his home in a burglary for which the defendant stood convicted. This Court held the testimony admissible to establish the identity of the defendant as the perpetrator of the car theft.

A review of these cases evidences the factual distinction between the present case and those discussed. The evidence of other crimes was properly admitted in those cases where a logical nexus existed between the two crimes. There was a "visible connection" in the words of this Court. See *Byers v. State*, 78 Okl.Cr., 267, 147 P.2d 185 (1944). In the case at bar, the State did not establish such a nexus between the robberies of the liquor store and the convenience store. As this Court pointed out in *Roulston*, supra, at 869, the exceptions to the general rule of inadmissibility of evidence of other crimes should be used with the "utmost caution" and doubts as to admissibility should be "resolved in favor of the defendant."

According to the State, Reames' testimony was "proper in that it corroborated the victim's identification of the accused." While Reames' testimony fails to support the victim's identification of the accused as the person who held up the convenience store at 7:15 p. m. on January 13, it does refute the appellant's claim that he was at the concert the entire evening. However, probative value alone does not render evidence of another crime admissible. It must also be shown that the prejudicial effect of such evidence does not outweigh what proof it may offer, which is to say that the evidence must be not only logically relevant but that it must also be legally relevant. See *McCormick on Evidence*, Second Edition, 1972, pp. 440–441. *The State's purpose would have been accomplished had Reames simply testified that the appellant was in his store at the time he claimed to*

have been at the concert. Then, had the appellant wanted to cross–examine Reames, he would have done so at his own risk of eliciting testimony regarding the robbery. In the case of *People v. Deal* (1934) 357 Ill. 634, 192 N.E. 649, it was not error for the State to contradict the defendant's alibi by placing him at another scene; but the Supreme Court of Illinois held that it was "highly prejudicial" to show that he was committing another crime at that location. See also *People v. Fuerback*, 66 Ill.App.2d 452, 214 N.E.2d 330 (1966).

An additional point has entered my decision to dissent, and that involves the failure of the trial court to instruct the jury on the limited value of Reames' testimony. Although the appellant failed to request such instruction, this Court has modified a sentence in spite of overwhelming evidence of guilt when such instruction was not given despite defendant's failure to request it. See *Rathbun v. State*, Okl.Cr., 506 P.2d 983 (1973). While modification was appropriate in *Rathbun*, it is not appropriate here, where the evidence of guilt is not overwhelming and where the alibi could easily have been rebutted without mentioning the other crime. In fact, in a more recent opinion establishing guidelines for the use of evidence of other crimes, the trial court judge has been directed to provide a limiting instruction whether or not it is requested. See *Burks v. State*, Okl.Cr., 594 P.2d 771 (1979).[1]

There can be little doubt that the admission of Reames' testimony was highly prejudicial to the appellant. In *Burks v. State*, Okl.Cr., 594 P.2d 771 (1979), the improper admission of testimony of other crimes was ground for reversal for one defendant, where the evidence connecting him to the crime was not great. The evidence against the defendant in the present case was less than overwhelming. Furthermore, the jurors were not instructed on the use of the State's rebuttal evidence. The evidence of that liquor store robbery cannot be said *not* to have influenced the jury, who gave the appellant a fifteen (15) year sentence in-

1. Although the automatic rule of *Burks* has no retrospective effect, it is indicative of the trend.

stead of the ten (10) years requested by the State. On the use of evidence of an unrelated crime, the conviction should fall.

Of further consequence is the refusal of the trial court to admit prior recorded testimony of Don Pickle, in light of the appellant's diligence to secure his presence and in the face of the State's opportunity to cross–examine him at the preliminary hearing. I cannot conclude, as does the Majority, that the testimony of Pickle would have been cumulative in that he was with the appellant for a greater length of time than were the other witnesses. Therefore, I respectfully dissent.