STATE of Tennessee, Appellee,

v.

Bobby MOSBY, a/k/a "Richard Brooks", Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

May 27, 1982.

Permission to Appeal Dismissed by the Supreme Court Oct. 4, 1982.

F. Glen Sisson, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, Michael W. Hughes, Joseph L. Patterson, Asst. Dist. Attys., Gen., Memphis, for appellee.

OPINION

DWYER, Judge.

Appellant was convicted of committing the offense of aggravated rape, T.C.A. § 39-3703, and the offense of robbery with a deadly weapon, T.C.A. § 39-3901. Sentences of ninety-nine years confinement at hard labor were set on each and were ordered by the trial court to be served consecutively.

In his appeal of right appellant raises two issues: the trial court erred in overruling his motion to suppress his in-court identification, the trial court erred in allowing into evidence proof of another crime.

Since the evidence is not being contested it suffices to state that around 8:30 p. m. on the evening of October 22, 1980, appellant unlawfully entered the home of Mr. and Mrs. Walton located at 1826 Munson Road in Memphis. He pointed a shotgun at the elderly Mrs. Walton and ordered her from the kitchen into the den of their home where Mr. Walton was reading the newspaper. He tied Mrs. Walton to a chair and then tied up and dragged Mr. Walton to the back part of their home. Appellant rifled their home taking weapons, money, jewelry and a camera. He then untied Mrs. Walton and at knifepoint raped her. He fled taking the automobile of the Walton's.

When Mr. Walton untied himself he called his son who in turn called the police.

A Mr. Giaroli, the Walton's nephew and neighbor, arrived at the scene before the police. When he heard the description of the assailant he left and returned with a photograph of appellant which had been circulated in the neighborhood earlier. The Waltons both viewed the photograph and identified the appellant as the robber-rapist.

The appellant was arrested on the evening hours of November 22, 1980, in Memphis. A comparison of his fingerprints with those found on objects in the Walton's house and on their automobile was made by a fingerprint examiner testifying for the State who concluded that the prints were the same.

■ The first issue: The trial court held a full jury-out hearing on the appellant's motion to suppress the in-court identification. Appellant alleged that Mr. Giaroli's showing of the single photograph * to the Waltons, when coupled with their subsequent viewing of police mugshots, was so impermissibly suggestive that irreparable misidentification of the appellant was the result.

In the first place, with no evidence revealing that Mr. Giaroli was connected with any law enforcement agent, we find that there was no State involvement in his showing the single photograph to the Waltons. *Robinson v. State,* 517 S.W.2d 768, 772 (Tenn.Cr.App.1974). In the second instance, both Waltons testified that their in-court identification was independent of any photographs. The two Waltons related that they had sufficient time to view appellant when he accosted them, when he tied them up, when he dragged Mr. Walton to the back bedroom, and when he assaulted Mrs. Walton. They both related that the lighting conditions by which they viewed appellant in their home were good. *Johnson v. State,* 596 S.W.2d 97, 103 (Tenn.Cr. App.1979). In short, the evidence supports the trial court's overruling the motion to suppress. The issue is overruled.

■ The second issue: The appellant's defense was that of alibi in that he was in the State of California at the time the crime was committed. His mother testified emphatically that appellant was in California from July, 1980 until the night he was arrested November 22, 1980, in the City of Memphis. She was positive that on October 2, 1980, he was not in the State of Tennessee. A friend testified that in the summer of 1980 he took the appellant to the bus station and bought him a ticket to California.

The State in rebuttal called a Mr. Harry Camp. He identified appellant as the person who robbed him at gunpoint at his place of business in Memphis at 9:00 p. m. on October 2, 1980. This proof was relevant in

that it rebutted the alibi defense of appellant that he was in the State of California from July, 1980 to November, 1980. *Graybeal v. State,* 3 Tenn.Cr.App. 466, 463 S.W.2d 159 (1970). While in the present case the rebuttal offense was antecedent to the indictment offense, opposite the situation in *Graybeal, supra,* it was still relevant. This issue overruled, the judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.

---

* Mr. Giaroli had the photograph which had been circulating in the neighborhood for possible identification of a party responsible for other crimes in that area.